UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANA M. HURTADO,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MICHAEL J. ASTRUE,<br>COMMISSIONER OF THE<br>SOCIAL SECURITY ADMINISTRATION,<br><br>　　　　Defendant. | Case No. CV 07-1994-PJW<br><br>MEMORANDUM OPINION AND ORDER |

　　　Before the Court is Plaintiff's appeal of a decision by Defendant Social Security Administration ("the Agency"), denying her application for Widow's Insurance Benefits and Supplemental Security Income.  In her only claim of error, Plaintiff contends that the Administrative Law Judge ("ALJ") failed to include all of Plaintiff's restrictions in the hypothetical question to the vocational expert and, therefore, the expert's testimony that Plaintiff could perform her past relevant work was irrelevant. (Joint Stipulation at 4-6.)  Because the Agency's decision that Plaintiff was not disabled is supported by substantial evidence, it is affirmed.

In evaluating Plaintiff's ability to work, the ALJ determined that Plaintiff was precluded from "concentrated exposure" to hazards such as machinery. (Administrative Record ("AR") 32.) This restriction was taken from the reports of various doctors who had opined that Plaintiff's seizure disorder precluded her from working around machinery.[1] At the administrative hearing, the ALJ asked the vocational expert whether Plaintiff could still perform her past work as a housekeeper despite a restriction on working with "heavy machinery." (AR 459.) The vocational expert testified:

> [Her former job as a housekeeper] wasn't around heavy machinery, and it wasn't, I wouldn't think - or as it's practiced in the economy it's not working with heavy machinery, and it's not at unprotected heights. So I mean, on that criteria, I guess she could do that.

(AR 460.)

Plaintiff complains that the doctors had restricted her from working with any machinery, not just "heavy" machinery, and that the ALJ's inclusion of the modifier "heavy" in the hypothetical question rendered it inaccurate, making the vocational expert's testimony useless. Plaintiff claims that she cannot safely perform the duties of housekeeper because the job requires the use of machinery, i.e., an

---

[1] The reports characterized the machinery restriction in various terms, e.g., Dr. Simon Farrow, "moving machinery," (AR 267); Dr. G. Bruce Nickles, "driving/moving machinery," (AR 286); Dr. Elsie Villaflor, avoid all exposure to hazards (machinery, heights, etc.), (AR 294); indiscernible single-decision-maker, all exposure to hazards (machinery, heights, etc.), (AR 309); state agency reviewing physician, whose name is also indiscernible, avoid "concentrated exposure" to "hazards (machinery, heights, etc.)," although a separate line and arrow appears to indicate that the doctor was recommending that Plaintiff avoid *all* exposure to heights, (AR 317).

iron, stove, oven, garbage disposal, and blender, which she must avoid.  For the following reasons, the Court concludes that Plaintiff's claim is without merit.

The ALJ determined at step four of the sequential evaluation process that Plaintiff could perform her past work as a housekeeper as she actually performed it.  (AR 34.)  In reaching that determination, he did not rely on the vocational expert's testimony; rather, he "compar[ed] [Plaintiff]'s residual functional capacity with the physical and mental demands of this work . . . ."  (AR 34.)  This is what he was supposed to do.  *See* 20 C.F.R. § 404.1520(f).  Thus, the vocational expert's testimony played no role in the ALJ's decision-- nor should it have since the determination that Plaintiff could work was made at step four.  *See Crane v. Shalala*, 76 F.3d 251, 255 (9th Cir. 1996) (holding ALJ did not err in failing to call vocational expert at step five after determining at step four claimant could perform past relevant work).  As a result, Plaintiff's challenge to the ALJ's hypothetical question is without merit.

Plaintiff contends that the ALJ's conclusion that she could perform her past work as a housekeeper as she actually performed it is simply wrong.  She argues that she would be in danger of hurting herself if she suffered a seizure while using the machinery involved in that job, i.e., an iron. (Joint Stipulation at 5.)  This argument simply does not ring true.

According to the work-history report Plaintiff filled out and submitted to the Agency with her application for benefits, her job as a housekeeper did not involve machinery.  (AR 215.)  She described her position as a housekeeper in someone's home, where she cleaned the house, made the beds, cleaned the floor, and did the laundry.  (AR

3

215.)  Presumably, this home had an iron, an oven, a blender, and a garbage disposal, but either Plaintiff did not use them or she did not consider them machinery.[2]  Either way, the ALJ was entitled to rely on Plaintiff's description of the job in determining what the job entailed.  *See* Social Security Ruling 82-62 ("The claimant is the primary source for vocational documentation, and statements by the claimant regarding past work are generally sufficient for determining the skill level, exertional demands and non-exertional demands of such work.")  Because in Plaintiff's own words the job did not require the use of machinery, the ALJ's finding that Plaintiff could perform her old job despite a restriction on using machinery was correct.[3]  For these reasons, the Agency's decision is affirmed.

IT IS SO ORDERED.

DATED:     May  5 , 2008.

_____
PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-Soc Sec\HURTADO, A 1994\Memo_Opinion2.wpd

---

[2] Plaintiff and the Agency discuss in detail whether the doctors' limitation on exposure to machinery was directed at household appliances such as irons, or whether they were really referring to heavy, industrial-type machinery.  Were the Court required to reach this issue, it would side with the Agency and conclude that "machinery" is not synonymous with an iron.  But the Court need not and does not reach this issue.

[3] The Court also notes that Plaintiff was living alone when she applied for benefits and was able to perform all that was required to maintain her health and her home, which involved much of the same duties that were required in her job as a housekeeper.  (AR 224-25.)  Thus, Plaintiff's contention that she was unfit for her prior housekeeping job because she was precluded from being around machinery is unpersuasive.